Charles H. Chevalier
Michael V. Caracappa
Christian Villatoro
**FBT Gibbons LLP**
One Gateway Center
Newark, New Jersey 07102-5310
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
cvillatoro@fbtgibbons.com

*Attorneys for Plaintiffs Harrow, Inc., Harrow Eye, LLC, Harrow IP, LLC and Nicox Ophthalmics, Inc.*

OF COUNSEL:

Marc N. Zubick
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7606

Kelly A. Welsh
Sarah Propst
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HARROW, INC., HARROW EYE, LLC, HARROW IP, LLC and NICOX OPHTHALMICS, INC.,<br><br>Plaintiffs,<br>v.<br><br>MICRO LABS LIMITED and MICRO LABS USA, INC.,<br><br>Defendants. | Civil Action No. 26-13774<br><br>**COMPLAINT** |

Plaintiffs Harrow, Inc., Harrow Eye, LLC, and Harrow IP, LLC (collectively, "Harrow"), and Nicox Ophthalmics, Inc. ("Nicox") (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Micro Labs Limited and Micro Labs USA, Inc. (collectively, "Micro Labs"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271(e)(2). This action arises from Micro Labs' submission of an Abbreviated New Drug Application ("ANDA") to the

U.S. Food and Drug Administration ("FDA") seeking approval to manufacture, market, and sell a generic version of Plaintiffs' ophthalmic product ZERVIATE® (cetirizine ophthalmic solution) 0.24%, prior to the expiration of U.S. Patent Nos. 8,829,005 (the "'005 Patent"); 9,254,286 (the "'286 Patent"); 9,750,684 (the "'684 Patent"); 9,993,471 (the "'471 Patent"); and 11,918,573 (the "'573 Patent") (collectively, the "Asserted Patents").

## **ZERVIATE**

2. ZERVIATE is an innovative topical antihistamine that represents an important therapeutic advance for the treatment of ocular itching associated with allergic conjunctivitis in patients two years of age and older.

3. Allergic conjunctivitis is a common and burdensome condition characterized by itchy, red, swollen, and watery eyes. It affects tens of millions of adults in the United States, often during the most productive years of their lives. Oral antihistamines are not well suited to treating these ocular symptoms and can themselves dry the ocular surface, leaving patients in need of effective and comfortable therapies that can be applied directly to the eye.

4. ZERVIATE was developed through the innovative work of scientists at Nicox (then known as Aciex Therapeutics, Inc.) who recognized the need for a topical ocular formulation of cetirizine. Formulating cetirizine for the eye had long proven difficult: at low concentrations cetirizine tends to aggregate in solution, and at higher concentrations it is strongly irritating to the ocular surface. The Nicox scientists discovered stable ophthalmic formulations of cetirizine that are both comfortable when instilled in the eye and effective in relieving ocular itching, without the cyclodextrins or other solubilizers previously thought necessary. This inventive work led to the development of ZERVIATE, which delivers cetirizine directly to the eye, providing targeted relief of ocular itching while avoiding the drawbacks of systemic oral antihistamines.

5. ZERVIATE is a sterile, buffered, clear, colorless aqueous ophthalmic solution for topical administration to the eyes. Each mL of ZERVIATE contains cetirizine 2.40 mg (equivalent to 2.85 mg of cetirizine hydrochloride), *i.e.*, cetirizine 0.24% (equivalent to cetirizine hydrochloride 0.29%), as the active ingredient, and the following inactive ingredients: benzalkonium chloride 0.010% (preservative); glycerin; sodium phosphate, dibasic; edetate disodium; polyethylene glycol 400; polysorbate 80; hypromellose; hydrochloric acid/sodium hydroxide (to adjust pH); and water for injection. ZERVIATE has a pH of approximately 7.0 and an osmolality of approximately 300 mOsm/kg.

6. On May 30, 2017, FDA approved New Drug Application ("NDA") No. 208694 (the "ZERVIATE NDA") for ZERVIATE. In September 2017, Nicox exclusively licensed ZERVIATE and its associated intellectual property, including the Asserted Patents, to Eyevance Pharmaceuticals LLC ("Eyevance"), and in July 2023, Eyevance assigned those rights to Harrow. Harrow now markets ZERVIATE pursuant to the ZERVIATE NDA, and through Harrow, Plaintiffs continue to make ZERVIATE available to patients throughout the United States.

**PARTIES**

7. Plaintiff Harrow, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1A Burton Hills Blvd., Suite 200, Nashville, Tennessee 37215. Harrow, Inc. discovers, develops, manufactures, and markets innovative ophthalmic products to improve patient outcomes.

8. Plaintiff Harrow Eye, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1A Burton Hills Blvd., Suite 200, Nashville, Tennessee 37215. Harrow Eye, LLC is a wholly owned subsidiary of Harrow, Inc. Harrow Eye, LLC is the current holder of the ZERVIATE NDA.

9. Plaintiff Harrow IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1A Burton Hills Blvd., Suite 200, Nashville, Tennessee 37215. Harrow IP, LLC is a wholly owned subsidiary of Harrow, Inc.

10. Harrow, Inc., Harrow Eye, LLC, and Harrow IP, LLC are the exclusive licensees of the Asserted Patents.

11. Plaintiff Nicox Ophthalmics, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4819 Emperor Blvd., Suite 400, Durham, North Carolina 27703.

12. Nicox is the assignee and owner of the Asserted Patents.

13. On information and belief, Defendant Micro Labs Limited is a company organized and existing under the laws of India, having its principal place of business at 31 Race Course Road, Bangalore 560001, India. On information and belief, Micro Labs Limited plays a crucial role in the research, development, manufacture, production, and supply of Micro Labs' generic drug products.

14. On information and belief, Defendant Micro Labs USA, Inc. ("Micro Labs USA") is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 220 Davidson Avenue, Suite 402, Somerset, New Jersey 08873. On further information and belief, Micro Labs USA is a wholly owned subsidiary of Micro Labs Limited. On further information and belief, Micro Labs USA is the U.S. agent for Micro Labs Limited and is in the business of, among other things, marketing, selling, and distributing generic versions of branded pharmaceutical products for the United States market, including in this judicial district.

15. On information and belief, Micro Labs Limited and Micro Labs USA are in the business of, among other things, developing, manufacturing, obtaining regulatory approval, marketing, selling, importing, and distributing generic copies of branded pharmaceutical products throughout the United States, including in New Jersey. On information and belief, Micro Labs Limited and Micro Labs USA collaborate in these activities, rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the United States, including in New Jersey, are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

16. On information and belief, Micro Labs Limited and Micro Labs USA acted collaboratively in preparing and submitting, and causing to be submitted to FDA, ANDA No. 221761, and continue to act collaboratively in pursuing FDA approval of the Micro Labs ANDA (defined below) and seeking to market the Micro Labs ANDA Product (defined below) in the United States, including in New Jersey.

17. On information and belief, in the event FDA approves the Micro Labs ANDA, Micro Labs Limited and Micro Labs USA intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and sell the Micro Labs ANDA Product throughout the United States, including in New Jersey.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

19. This Court has personal jurisdiction over Micro Labs USA because Micro Labs USA has its principal place of business in New Jersey and has registered to do business with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New

Jersey under Business ID No. 0400404035. Micro Labs USA has thus consented to personal jurisdiction in New Jersey.

20. This Court has personal jurisdiction over Micro Labs Limited because, *inter alia*, on information and belief, Micro Labs Limited has continuous and systematic contacts with the State of New Jersey, regularly conducts business in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and intends to sell the Micro Labs ANDA Product in the State of New Jersey upon approval of the Micro Labs ANDA.

21. In the alternative, this Court has personal jurisdiction over Micro Labs Limited in the State of New Jersey under Federal Rule of Civil Procedure 4(k)(2) because Plaintiffs' claims arise under federal law, Micro Labs Limited is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over it is consistent with the United States Constitution and laws.

22. On information and belief, Micro Labs Limited and Micro Labs USA are in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Micro Labs Limited and Micro Labs USA manufacture, distribute, market, and/or sell throughout the United States and in this judicial district.

23. On information and belief, Micro Labs Limited and Micro Labs USA are licensed to sell generic and proprietary pharmaceutical products in the State of New Jersey, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos.

24. Micro Labs Limited and Micro Labs USA have committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead

to foreseeable harm and injury to Plaintiffs, which manufacture and market ZERVIATE for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by the Notice Letter (defined below) sent by Micro Labs Limited and Micro Labs USA to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B), Micro Labs Limited and Micro Labs USA prepared and filed ANDA No. 221761 with the intention of seeking to market the Micro Labs ANDA Product nationwide, including within this judicial district.

25. On information and belief, Micro Labs Limited and Micro Labs USA plan to sell the Micro Labs ANDA Product in the State of New Jersey, list the Micro Labs ANDA Product on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursements for sales of the Micro Labs ANDA Product in the State of New Jersey, either directly or through one or more of their wholly owned subsidiaries, agents, and/or alter egos.

26. On information and belief, Micro Labs Limited and Micro Labs USA derive substantial revenue from the marketing, manufacture, and/or sale of generic pharmaceutical products in the United States and in the State of New Jersey.

27. On information and belief, Micro Labs Limited and Micro Labs USA know and intend that the Micro Labs ANDA Product will be distributed and sold in the State of New Jersey and will thereby displace sales of ZERVIATE, causing injury to Plaintiffs. Micro Labs Limited and Micro Labs USA intend to take advantage of their established channels of distribution in the State of New Jersey for the sale of the Micro Labs ANDA Product.

28. On information and belief, Micro Labs Limited, with the aid of Micro Labs USA, filed the Micro Labs ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Micro Labs ANDA Product in the United States, including in the State of New Jersey.

29. On information and belief, Micro Labs Limited and Micro Labs USA regularly invoke the jurisdiction of the courts of this judicial district by pleading claims and counterclaims in pharmaceutical patent infringement actions in this District. *See, e.g.*, *Esperion Therapeutics, Inc. v. Micro Labs USA, Inc. & Micro Labs Limited*, C.A. No. 2:24-cv-05921, ECF No. 22 (D.N.J. July 12, 2024); *Aerie Pharms., Inc. v. Micro Labs Limited & Micro Labs USA, Inc.*, C.A. No. 3:22-cv-01365, ECF No. 13 (D.N.J. May 13, 2022). On further information and belief, Micro Labs Limited and Micro Labs USA have also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district. *See supra*.

30. For at least the above reasons, it would not be unfair or unreasonable for Micro Labs Limited and Micro Labs USA to litigate this action in this District, and Micro Labs Limited and Micro Labs USA are subject to personal jurisdiction in this District.

31. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and (d), and 1400(b).

32. Venue is proper against Micro Labs USA because, *inter alia*, it maintains a regular and established place of business in this District and has committed an act of infringement in this District.

33. Venue is proper against Micro Labs Limited, a foreign company, in any judicial district that has personal jurisdiction, including this District.

## THE ASSERTED PATENTS

34. On September 9, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '005 Patent entitled "Ophthalmic Formulations of Cetirizine and Methods of Use." A true and correct copy of the '005 Patent is attached as **Exhibit A**. The '005 Patent is listed in the FDA publication Approved Drug Products with Therapeutic Equivalence Evaluations (commonly known as the "Orange Book") for ZERVIATE (cetirizine ophthalmic

solution). Plaintiffs own all rights, title, and interest in and to the ’005 Patent. There is an actual case or controversy between the parties regarding Micro Labs’ liability for its infringement of the ’005 Patent.

35. On February 9, 2016, the USPTO duly and legally issued the ’286 Patent entitled “Ophthalmic Formulations of Cetirizine and Methods of Use.” A true and correct copy of the ’286 Patent is attached as **Exhibit B**. The ’286 Patent is listed in the Orange Book for ZERVIATE (cetirizine ophthalmic solution). Plaintiffs own all rights, title, and interest in and to the ’286 Patent. There is an actual case or controversy between the parties regarding Micro Labs’ liability for its infringement of the ’286 Patent.

36. On September 5, 2017, the USPTO duly and legally issued the ’684 Patent entitled “Ophthalmic Formulations of Cetirizine and Methods of Use.” A true and correct copy of the ’684 Patent is attached as **Exhibit C**. The ’684 Patent is listed in the Orange Book for ZERVIATE (cetirizine ophthalmic solution). Plaintiffs own all rights, title, and interest in and to the ’684 Patent. There is an actual case or controversy between the parties regarding Micro Labs’ liability for its infringement of the ’684 Patent.

37. On June 12, 2018, the USPTO duly and legally issued the ’471 Patent entitled “Ophthalmic Formulations of Cetirizine and Methods of Use.” A true and correct copy of the ’471 Patent is attached as **Exhibit D**. The ’471 Patent is listed in the Orange Book for ZERVIATE (cetirizine ophthalmic solution). Plaintiffs own all rights, title, and interest in and to the ’471 Patent. There is an actual case or controversy between the parties regarding Micro Labs’ liability for its infringement of the ’471 Patent.

38. On March 5, 2024, the USPTO duly and legally issued the ’573 Patent entitled “Ophthalmic Formulations of Cetirizine and Methods of Use.” A true and correct copy of the ’573

Patent is attached as **Exhibit E**. Plaintiffs own all rights, title, and interest in and to the ’573 Patent. There is an actual case or controversy between the parties regarding Micro Labs’ liability for its infringement of the ’573 Patent.

**MICRO LABS ANDA NO. 221761**

39. Micro Labs has submitted ANDA No. 221761 (the “Micro Labs ANDA”), which seeks approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of a purported generic version of ZERVIATE (cetirizine ophthalmic solution) 0.24% (the “Micro Labs ANDA Product”) prior to the expiration of the Asserted Patents.

40. On information and belief, FDA has not approved the Micro Labs ANDA.

41. Micro Labs sent Plaintiffs a Notice Letter dated September 8, 2026 (the “Notice Letter”), which Plaintiffs received on September 9, 2026. The Notice Letter represented that Micro Labs had submitted to FDA the Micro Labs ANDA and a purported certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (“Paragraph IV Certification”) with respect to the ’005, ’286, ’684, and ’471 Patents, which are listed in the Orange Book for ZERVIATE.

42. According to applicable regulations, a Notice Letter such as Micro Labs’ must contain a detailed statement of the factual and legal basis for the applicant’s opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing “for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed” and “for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation.” *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

43. On information and belief, if FDA approves the Micro Labs ANDA, Micro Labs will manufacture, offer for sale, or sell the Micro Labs ANDA Product within the United States, including within the State of New Jersey, or will import the Micro Labs ANDA Product into the United States, including the State of New Jersey. The manufacture, use, offer for sale, sale, or importation of the Micro Labs ANDA Product will directly infringe and/or induce or contribute to infringement of the Asserted Patents.

44. This action is brought within forty-five days of Plaintiffs' receipt of the Notice Letter. Accordingly, Plaintiffs are entitled to a thirty-month stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) until March 9, 2029.

45. On information and belief, Micro Labs was aware of the Asserted Patents when it filed the Micro Labs ANDA with a Paragraph IV Certification.

46. Cetirizine hydrochloride is the active ingredient in the Micro Labs ANDA Product and the Micro Labs ANDA Product is cetirizine hydrochloride ophthalmic solution, 0.24% w/v.

47. On information and belief, the Micro Labs ANDA refers to and relies upon the ZERVIATE NDA and contains data that, according to Micro Labs, demonstrate bioequivalence of the Micro Labs ANDA Product and ZERVIATE (cetirizine ophthalmic solution). *See* 21 U.S.C. § 355(j)(2) and 21 C.F.R. § 314.94(a)(7).

48. On information and belief, Micro Labs intends to have healthcare providers use the Micro Labs ANDA Product, if approved, as set forth in the Micro Labs ANDA Product proposed labeling. On information and belief, the Micro Labs ANDA Product proposed labeling will instruct healthcare providers to prescribe the Micro Labs ANDA Product in the manner set forth therein.

**COUNT I — INFRINGEMENT OF THE ’005 PATENT BY MICRO LABS**

49. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

50. Claim 1 of the ’005 Patent recites the following:

> A method for alleviating a sign or symptom of allergic conjunctivitis by topically administering to an eye of a subject in need thereof an ophthalmic formulation comprising a single active ingredient consisting of 0.24% (w/v) cetirizine twice daily, wherein the ophthalmic formulation:
>
> a) does not contain a cyclodextrin;
>
> b) comprises 1% Polyethylene Glycol 400, NF, 0.2% Dibasic Sodium Phosphate, Anhydrous, USP, 0.25% Hypromellose, USP, 0.1% Polysorbate 80, NF, 1.8% Glycerin, USP, 0.01% Benzalkonium Chloride, NF, and Purified Water, USP; and
>
> c) has a pH 6.8-7.2.

51. On information and belief, the use of the Micro Labs ANDA Product in accordance with and as directed by the Micro Labs ANDA Product proposed labeling is covered by one or more claims of the ’005 Patent, including at least claim 1, because such use involves alleviating a sign or symptom of allergic conjunctivitis (ocular itching associated with allergic conjunctivitis) by topically administering to an eye of a subject in need thereof, twice daily, an ophthalmic formulation comprising a single active ingredient consisting of 0.24% (w/v) cetirizine, which formulation, on information and belief, does not contain a cyclodextrin, comprises 1% Polyethylene Glycol 400, NF, 0.2% Dibasic Sodium Phosphate, Anhydrous, USP, 0.25% Hypromellose, USP, 0.1% Polysorbate 80, NF, 1.8% Glycerin, USP, 0.01% Benzalkonium Chloride, NF, and Purified Water, USP, and has a pH within 6.8-7.2.

52. On information and belief, healthcare providers who prescribe, and patients who administer, the Micro Labs ANDA Product in accordance with and as directed by the Micro Labs

ANDA Product proposed labeling will directly infringe at least claim 1 of the ’005 Patent, either literally or under the doctrine of equivalents.

53. On information and belief, Micro Labs intends to sell the Micro Labs ANDA Product with proposed labeling that includes instructions to administer the Micro Labs ANDA Product to treat ocular itching associated with allergic conjunctivitis in a manner that will infringe at least claim 1 of the ’005 Patent.

54. Micro Labs submitted as part of the Micro Labs ANDA a Paragraph IV Certification, asserting that the claims of the ’005 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Micro Labs ANDA Product.

55. The purpose of submitting the Micro Labs ANDA to FDA was to obtain approval under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* (“FDCA”), to engage in the commercial manufacture, use, offer for sale, and/or sale of the Micro Labs ANDA Product prior to the expiration of the ’005 Patent.

56. Micro Labs’ submission of the Micro Labs ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Micro Labs ANDA Product prior to the expiration of the ’005 Patent was an act of infringement of the ’005 Patent under 35 U.S.C. § 271(e)(2)(A).

57. On information and belief, Micro Labs intends to engage in the commercial manufacture, use, sale and/or offer for sale of the Micro Labs ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of the Micro Labs ANDA and any amendments thereto, *i.e.*, prior to the expiration of the ’005 Patent.

58. On information and belief, Micro Labs has knowledge of the ’005 Patent at least because the ’005 Patent is listed in the Orange Book for ZERVIATE. Notwithstanding this

knowledge, Micro Labs continues to assert its intent to engage in the manufacture, use, sale, and/or offer for sale of the Micro Labs ANDA Product and the proposed labeling therefor immediately and imminently upon approval of the Micro Labs ANDA and any amendments thereto.

59. Micro Labs had actual and constructive notice of the ’005 Patent prior to submitting the Micro Labs ANDA, and was aware that the submission of the Micro Labs ANDA with the request for FDA approval prior to the expiration of the ’005 Patent would constitute an act of infringement of the ’005 Patent.

60. On information and belief, Micro Labs plans and intends to, and will, actively induce infringement of the ’005 Patent when the Micro Labs ANDA and any amendments thereto are approved by selling the Micro Labs ANDA Product with proposed labeling that provides instructions to administer the Micro Labs ANDA Product to treat ocular itching associated with allergic conjunctivitis in a manner that infringes claims of the ’005 Patent, and will do so with specific intent to induce infringement of the ’005 Patent. Further, on information and belief, Micro Labs plans and intends to, and will, do so immediately and imminently upon approval.

61. On information and belief, Micro Labs knows that the Micro Labs ANDA Product is especially made or adapted for use in infringing the ’005 Patent, and that the Micro Labs ANDA Product is not a staple article of commerce suitable for substantial non-infringing use. On information and belief, Micro Labs plans and intends to, and will, contribute to infringement of the ’005 Patent immediately and imminently upon approval of the Micro Labs ANDA and any amendments thereto.

62. The foregoing actions by Micro Labs constitute and/or will constitute infringement of the ’005 Patent, active inducement of infringement of the ’005 Patent, and contribution to the

infringement of the ’005 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

63. Micro Labs filed the Micro Labs ANDA without adequate justification for asserting that the ’005 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Micro Labs ANDA Product. Micro Labs’ conduct in certifying invalidity and/or non-infringement with respect to the ’005 Patent renders this case “exceptional” as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys’ fees and such other relief as this Court deems proper.

64. Unless Micro Labs is enjoined from infringing the ’005 Patent and actively inducing and contributing to infringement of the ’005 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and Micro Labs, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT II — INFRINGEMENT OF THE ’286 PATENT BY MICRO LABS**

65. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

66. Claim 1 of the ’286 Patent recites the following:

> A topical ophthalmic formulation consisting essentially of 0.24% cetirizine (w/v), 1% Polyethylene Glycol 400, NF, 0.2% Dibasic Sodium Phosphate, Anhydrous, USP, 0.25% Hypromellose, USP, 0.1% Polysorbate 80, NF, 1.8% Glycerin, USP, 0.01% Benzalkonium Chloride, NF, 0.025% Edetate Disodium, USP, and Purified Water, USP, wherein the formulation has a pH 6.8-7.2 and does not contain a cyclodextrin or other solubilizing compound.

67. On information and belief, the Micro Labs ANDA Product is covered by one or more claims of the ’286 Patent, including at least claim 1, because the Micro Labs ANDA Product is a topical ophthalmic formulation that, on information and belief, consists essentially of 0.24%

cetirizine (w/v), 1% Polyethylene Glycol 400, NF, 0.2% Dibasic Sodium Phosphate, Anhydrous, USP, 0.25% Hypromellose, USP, 0.1% Polysorbate 80, NF, 1.8% Glycerin, USP, 0.01% Benzalkonium Chloride, NF, 0.025% Edetate Disodium, USP, and Purified Water, USP, has a pH within 6.8-7.2, and does not contain a cyclodextrin or other solubilizing compound.

68. Micro Labs submitted as part of the Micro Labs ANDA a Paragraph IV Certification, asserting that the claims of the ’286 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Micro Labs ANDA Product.

69. The purpose of submitting the Micro Labs ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Micro Labs ANDA Product prior to the expiration of the ’286 Patent.

70. Micro Labs’ submission of the Micro Labs ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Micro Labs ANDA Product prior to the expiration of the ’286 Patent was an act of infringement of the ’286 Patent under 35 U.S.C. § 271(e)(2)(A).

71. On information and belief, the importation, manufacture, sale, offer for sale, or use of the Micro Labs ANDA Product prior to the expiration of the ’286 Patent would directly infringe one or more claims of the ’286 Patent, including at least claim 1, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), and/or Micro Labs would induce the infringement of and/or contribute to the infringement of one or more claims of the ’286 Patent under 35 U.S.C. § 271(b) and/or (c).

72. On information and belief, Micro Labs intends to engage in the commercial manufacture, use, sale and/or offer for sale of the Micro Labs ANDA Product and the proposed

labeling therefor immediately and imminently upon the approval of the Micro Labs ANDA and any amendments thereto, *i.e.*, prior to the expiration of the ’286 Patent.

73. On information and belief, Micro Labs has knowledge of the ’286 Patent at least because the ’286 Patent is listed in the Orange Book for ZERVIATE. Notwithstanding this knowledge, Micro Labs continues to assert its intent to engage in the manufacture, use, sale, and/or offer for sale of the Micro Labs ANDA Product and the proposed labeling therefor immediately and imminently upon approval of the Micro Labs ANDA and any amendments thereto.

74. Micro Labs had actual and constructive notice of the ’286 Patent prior to submitting the Micro Labs ANDA, and was aware that the submission of the Micro Labs ANDA with the request for FDA approval prior to the expiration of the ’286 Patent would constitute an act of infringement of the ’286 Patent.

75. On information and belief, Micro Labs Limited will actively induce the importation, use, offer for sale, and sale of the Micro Labs ANDA Product in the United States by Micro Labs USA and its distributors upon approval of the Micro Labs ANDA and any amendments thereto, with knowledge of the ’286 Patent and with specific intent to cause infringement of the ’286 Patent.

76. On information and belief, Micro Labs knows that the Micro Labs ANDA Product is especially made or adapted for use in infringing the ’286 Patent, and that the Micro Labs ANDA Product is not a staple article of commerce suitable for substantial non-infringing use. On information and belief, Micro Labs plans and intends to, and will, contribute to infringement of the ’286 Patent immediately and imminently upon approval of the Micro Labs ANDA and any amendments thereto.

77. The foregoing actions by Micro Labs constitute and/or will constitute infringement of the ’286 Patent, active inducement of infringement of the ’286 Patent, and contribution to the infringement of the ’286 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and (c).

78. Micro Labs filed the Micro Labs ANDA without adequate justification for asserting that the ’286 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Micro Labs ANDA Product. Micro Labs’ conduct in certifying invalidity and/or non-infringement with respect to the ’286 Patent renders this case “exceptional” as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys’ fees and such other relief as this Court deems proper.

79. Unless Micro Labs is enjoined from infringing the ’286 Patent and actively inducing and contributing to infringement of the ’286 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and Micro Labs, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT III — INFRINGEMENT OF THE ’684 PATENT BY MICRO LABS**

80. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

81. Claim 1 of the ’684 Patent recites the following:

> A topical ophthalmic formulation comprising 0.1% to 0.25% (w/v) cetirizine hydrochloride or dihydrochloride, wherein cetirizine is the only active agent in the formulation and is formulated in a vehicle comprising 1% polyethylene glycol 400, NF, 0.2% dibasic sodium phosphate, anhydrous, USP, 0.25% hypromellose, USP, 0.1% Polysorbate 80, NF, 1.2% to 1.8% glycerin, USP, 0.025% edetate disodium, USP; 0.01% benzalkonium chloride, NF, and purified water, USP, and wherein the formulation has a pH 7 and does not contain a cyclodextrin or other solubilizing compound.

82. On information and belief, the Micro Labs ANDA Product is covered by one or more claims of the ’684 Patent, including at least claim 1, because the Micro Labs ANDA Product is a topical ophthalmic formulation comprising cetirizine hydrochloride, in which cetirizine is the only active agent, formulated in a vehicle that, on information and belief, comprises 1% polyethylene glycol 400, NF, 0.2% dibasic sodium phosphate, anhydrous, USP, 0.25% hypromellose, USP, 0.1% Polysorbate 80, NF, 1.2% to 1.8% glycerin, USP, 0.025% edetate disodium, USP, 0.01% benzalkonium chloride, NF, and purified water, USP, that has a pH of 7, and that does not contain a cyclodextrin or other solubilizing compound, and because the Micro Labs ANDA Product contains cetirizine hydrochloride in an amount within 0.1% to 0.25% (w/v), literally or under the doctrine of equivalents.

83. Micro Labs submitted as part of the Micro Labs ANDA a Paragraph IV Certification, asserting that the claims of the ’684 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Micro Labs ANDA Product.

84. The purpose of submitting the Micro Labs ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Micro Labs ANDA Product prior to the expiration of the ’684 Patent.

85. Micro Labs’ submission of the Micro Labs ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Micro Labs ANDA Product prior to the expiration of the ’684 Patent was an act of infringement of the ’684 Patent under 35 U.S.C. § 271(e)(2)(A).

86. On information and belief, the importation, manufacture, sale, offer for sale, or use of the Micro Labs ANDA Product prior to the expiration of the ’684 Patent would directly infringe one or more claims of the ’684 Patent, including at least claim 1, either literally or under the

doctrine of equivalents, under 35 U.S.C. § 271(a), and/or Micro Labs would induce the infringement of and/or contribute to the infringement of one or more claims of the ’684 Patent under 35 U.S.C. § 271(b) and/or (c).

87. On information and belief, Micro Labs intends to engage in the commercial manufacture, use, sale and/or offer for sale of the Micro Labs ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of the Micro Labs ANDA and any amendments thereto, *i.e.*, prior to the expiration of the ’684 Patent.

88. On information and belief, Micro Labs has knowledge of the ’684 Patent at least because the ’684 Patent is listed in the Orange Book for ZERVIATE. Notwithstanding this knowledge, Micro Labs continues to assert its intent to engage in the manufacture, use, sale, and/or offer for sale of the Micro Labs ANDA Product and the proposed labeling therefor immediately and imminently upon approval of the Micro Labs ANDA and any amendments thereto.

89. Micro Labs had actual and constructive notice of the ’684 Patent prior to submitting the Micro Labs ANDA, and was aware that the submission of the Micro Labs ANDA with the request for FDA approval prior to the expiration of the ’684 Patent would constitute an act of infringement of the ’684 Patent.

90. On information and belief, Micro Labs Limited will actively induce the importation, use, offer for sale, and sale of the Micro Labs ANDA Product in the United States by Micro Labs USA and its distributors upon approval of the Micro Labs ANDA and any amendments thereto, with knowledge of the ’684 Patent and with specific intent to cause infringement of the ’684 Patent.

91. On information and belief, Micro Labs knows that the Micro Labs ANDA Product is especially made or adapted for use in infringing the ’684 Patent, and that the Micro Labs ANDA

Product is not a staple article of commerce suitable for substantial non-infringing use. On information and belief, Micro Labs plans and intends to, and will, contribute to infringement of the ’684 Patent immediately and imminently upon approval of the Micro Labs ANDA and any amendments thereto.

92. The foregoing actions by Micro Labs constitute and/or will constitute infringement of the ’684 Patent, active inducement of infringement of the ’684 Patent, and contribution to the infringement of the ’684 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), and (c).

93. Micro Labs filed the Micro Labs ANDA without adequate justification for asserting that the ’684 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Micro Labs ANDA Product. Micro Labs’ conduct in certifying invalidity and/or non-infringement with respect to the ’684 Patent renders this case “exceptional” as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys’ fees and such other relief as this Court deems proper.

94. Unless Micro Labs is enjoined from infringing the ’684 Patent and actively inducing and contributing to infringement of the ’684 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and Micro Labs, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT IV — INFRINGEMENT OF THE ’471 PATENT BY MICRO LABS**

95. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

96. Claim 1 of the ’471 Patent recites the following:

> A method for the treatment of the signs and symptoms of allergic conjunctivitis comprising topically administering to an eye of a subject in need thereof a topical ophthalmic formulation comprising 0.1% to 0.25% (w/v) cetirizine hydrochloride or dihydrochloride, wherein cetirizine is the only active agent in the formulation and the formulation is formulated in a vehicle comprising 1% Polyethylene Glycol 400, NF, 0.2% Dibasic Sodium Phosphate, Anhydrous, USP, 0.25% Hypromellose, USP, 0.1% Polysorbate 80, NF, 1.2% to 1.8% Glycerin, USP, 0.025% Edetate disodium, USP; 0.01% Benzalkonium Chloride, NF, and Purified Water, USP, wherein the formulation has a pH 7 and does not contain a cyclodextrin or other solubilizing compound.

97. On information and belief, the use of the Micro Labs ANDA Product in accordance with and as directed by the Micro Labs ANDA Product proposed labeling is covered by one or more claims of the ’471 Patent, including at least claim 1, because such use involves the treatment of the signs and symptoms of allergic conjunctivitis (ocular itching associated with allergic conjunctivitis) by topically administering to an eye of a subject in need thereof a topical ophthalmic formulation comprising cetirizine hydrochloride as the only active agent, formulated in a vehicle that, on information and belief, comprises 1% Polyethylene Glycol 400, NF, 0.2% Dibasic Sodium Phosphate, Anhydrous, USP, 0.25% Hypromellose, USP, 0.1% Polysorbate 80, NF, 1.2% to 1.8% Glycerin, USP, 0.025% Edetate disodium, USP, 0.01% Benzalkonium Chloride, NF, and Purified Water, USP, that has a pH of 7, and that does not contain a cyclodextrin or other solubilizing compound, and in which the cetirizine hydrochloride is present at 0.1% to 0.25% (w/v) or an equivalent amount thereof, either literally or under the doctrine of equivalents.

98. On information and belief, healthcare providers who prescribe, and patients who administer, the Micro Labs ANDA Product in accordance with and as directed by the Micro Labs ANDA Product proposed labeling will directly infringe at least claim 1 of the ’471 Patent, either literally or under the doctrine of equivalents.

99. On information and belief, Micro Labs intends to sell the Micro Labs ANDA Product with proposed labeling that includes instructions to administer the Micro Labs ANDA

Product to treat ocular itching associated with allergic conjunctivitis in a manner that will infringe at least claim 1 of the ’471 Patent.

100. Micro Labs submitted as part of the Micro Labs ANDA a Paragraph IV Certification, asserting that the claims of the ’471 Patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of the Micro Labs ANDA Product.

101. Micro Labs did not contend or make any non-infringement arguments in its Notice Letter that the Micro Labs ANDA Product, or the use of the Micro Labs ANDA Product in accordance with and as directed by Micro Labs’ proposed labeling for that product, would not infringe claim 1 of the ’471 Patent.

102. The purpose of submitting the Micro Labs ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Micro Labs ANDA Product prior to the expiration of the ’471 Patent.

103. Micro Labs’ submission of the Micro Labs ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale and/or offer for sale of the Micro Labs ANDA Product prior to the expiration of the ’471 Patent was an act of infringement of the ’471 Patent under 35 U.S.C. § 271(e)(2)(A).

104. On information and belief, Micro Labs intends to engage in the commercial manufacture, use, sale and/or offer for sale of the Micro Labs ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of the Micro Labs ANDA and any amendments thereto, *i.e.*, prior to the expiration of the ’471 Patent.

105. On information and belief, Micro Labs has knowledge of the ’471 Patent at least because the ’471 Patent is listed in the Orange Book for ZERVIATE. Notwithstanding this knowledge, Micro Labs continues to assert its intent to engage in the manufacture, use, sale, and/or

offer for sale of the Micro Labs ANDA Product and the proposed labeling therefor immediately and imminently upon approval of the Micro Labs ANDA and any amendments thereto.

106. Micro Labs had actual and constructive notice of the ’471 Patent prior to submitting the Micro Labs ANDA, and was aware that the submission of the Micro Labs ANDA with the request for FDA approval prior to the expiration of the ’471 Patent would constitute an act of infringement of the ’471 Patent.

107. On information and belief, Micro Labs plans and intends to, and will, actively induce infringement of the ’471 Patent when the Micro Labs ANDA and any amendments thereto are approved by selling the Micro Labs ANDA Product with proposed labeling that provides instructions to administer the Micro Labs ANDA Product to treat ocular itching associated with allergic conjunctivitis in a manner that infringes claims of the ’471 Patent, and will do so with specific intent to induce infringement of the ’471 Patent. Further, on information and belief, Micro Labs plans and intends to, and will, do so immediately and imminently upon approval.

108. On information and belief, Micro Labs knows that the Micro Labs ANDA Product is especially made or adapted for use in infringing the ’471 Patent, and that the Micro Labs ANDA Product is not a staple article of commerce suitable for substantial non-infringing use. On information and belief, Micro Labs plans and intends to, and will, contribute to infringement of the ’471 Patent immediately and imminently upon approval of the Micro Labs ANDA and any amendments thereto.

109. The foregoing actions by Micro Labs constitute and/or will constitute infringement of the ’471 Patent, active inducement of infringement of the ’471 Patent, and contribution to the infringement of the ’471 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(b) and (c).

110. Micro Labs filed the Micro Labs ANDA without adequate justification for asserting that the ’471 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Micro Labs ANDA Product. Micro Labs’ conduct in certifying invalidity and/or non-infringement with respect to the ’471 Patent renders this case “exceptional” as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys’ fees and such other relief as this Court deems proper.

111. Unless Micro Labs is enjoined from infringing the ’471 Patent and actively inducing and contributing to infringement of the ’471 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and Micro Labs, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT V — INFRINGEMENT OF THE ’573 PATENT BY MICRO LABS**

112. Plaintiffs restate, reallege, and incorporate each of the preceding paragraphs as if fully set forth herein.

113. Claim 1 of the ’573 Patent recites the following:

> A topical ophthalmic formulation comprising cetirizine hydrochloride or dihydrochloride in an amount of 0.05% to 0.5% (w/v) calculated as cetirizine free base, wherein cetirizine is the only active agent in the formulation and the cetirizine is formulated in a vehicle comprising (a) a demulcent and/or viscosity enhancing polymer, (b) a preservative and (c) a surfactant comprising a polysorbate at a concentration of 0.02 to 0.1% (w/v), (d) a carrier comprising polyethylene glycol, and (e) water, wherein the formulation has a pH of about 5.5 to 7.5, a viscosity of from 1-50 centipoise and an osmolality of about 225-400 mOsm/kg, and wherein the formulation does not contain a cyclodextrin.

114. On information and belief, the Micro Labs ANDA Product is covered by one or more claims of the ’573 Patent, including at least claim 1, because the Micro Labs ANDA Product is a topical ophthalmic formulation comprising cetirizine hydrochloride in an amount within 0.05%

to 0.5% (w/v) calculated as cetirizine free base, in which cetirizine is the only active agent, formulated in a vehicle that, on information and belief, comprises (a) a demulcent and/or viscosity enhancing polymer (e.g., hypromellose and/or glycerin), (b) a preservative (e.g., benzalkonium chloride), (c) a surfactant comprising a polysorbate (e.g., polysorbate 80) at a concentration of 0.02 to 0.1% (w/v), (d) a carrier comprising polyethylene glycol, and (e) water, and that has a pH of about 5.5 to 7.5, a viscosity of from 1-50 centipoise, and an osmolality of about 225-400 mOsm/kg, and does not contain a cyclodextrin.

115. The purpose of submitting the Micro Labs ANDA to FDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of the Micro Labs ANDA Product, a drug claimed in the ’573 Patent, prior to the expiration of the ’573 Patent.

116. Micro Labs’ submission of the Micro Labs ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Micro Labs ANDA Product, a drug claimed in the ’573 Patent, prior to the expiration of the ’573 Patent constitutes infringement of one or more claims of the ’573 Patent, including at least claim 1, under 35 U.S.C. § 271(e)(2)(A).

117. There is a justiciable controversy between the parties as to the infringement of the ’573 Patent.

118. On information and belief, Micro Labs has made, and will continue to make, substantial preparation in the United States to manufacture, offer to sell, sell, and/or import the Micro Labs ANDA Product prior to the expiration of the ’573 Patent, including by submitting the Micro Labs ANDA, seeking FDA approval of the Micro Labs ANDA, and representing in its Notice Letter that the Micro Labs ANDA Product is bioequivalent to ZERVIATE.

119. Unless enjoined by this Court, upon FDA approval of the Micro Labs ANDA, Micro Labs will infringe one or more claims of the ’573 Patent, including at least claim 1, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the Micro Labs ANDA Product in the United States.

120. Unless enjoined by this Court, upon FDA approval of the Micro Labs ANDA, Micro Labs will actively induce infringement of one or more claims of the ’573 Patent, including at least claim 1, under 35 U.S.C. § 271(b). On information and belief, upon FDA approval of the Micro Labs ANDA, Micro Labs Limited will actively induce the importation, use, offer for sale, and sale of the Micro Labs ANDA Product in the United States by Micro Labs USA and its distributors, with knowledge of the ’573 Patent, including at least as of the filing of this Complaint, and knowledge that its acts are encouraging infringement, and with specific intent to induce infringement of the ’573 Patent.

121. Unless enjoined by this Court, upon FDA approval of the Micro Labs ANDA, Micro Labs will contributorily infringe one or more claims of the ’573 Patent, including at least claim 1, under 35 U.S.C. § 271(c). On information and belief, Micro Labs has had and continues to have knowledge, including at least as of the filing of this Complaint, that the Micro Labs ANDA Product is especially made or adapted for a use that infringes one or more claims of the ’573 Patent and that there is no substantial non-infringing use for the Micro Labs ANDA Product.

122. On information and belief, Micro Labs intends to engage in the commercial manufacture, use, sale and/or offer for sale of the Micro Labs ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of the Micro Labs ANDA and any amendments thereto, *i.e.*, prior to the expiration of the ’573 Patent.

123. Plaintiffs are entitled to a declaratory judgment that Micro Labs' future commercial manufacture, use, offer for sale, sale, and/or importation of the Micro Labs ANDA Product prior to the expiration of the '573 Patent will constitute direct infringement, induced infringement, and/or contributory infringement of the '573 Patent.

124. The foregoing actions by Micro Labs constitute and/or will constitute infringement of the '573 Patent, active inducement of infringement of the '573 Patent, and contribution to the infringement of the '573 Patent, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and (e)(2)(A).

125. Micro Labs' continued pursuit of approval to market the Micro Labs ANDA Product prior to the expiration of the '573 Patent, with knowledge of the '573 Patent, renders this case exceptional, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

126. Unless Micro Labs is enjoined from infringing the '573 Patent and actively inducing and contributing to infringement of the '573 Patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law, and considering the balance of hardships between Plaintiffs and Micro Labs, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) A judgment that Micro Labs' submission of ANDA No. 221761 to FDA was an act of infringement of one or more claims of the Asserted Patents;

(b) A judgment that Micro Labs' making, using, offering to sell, selling, marketing, distributing, or importing into the United States the Micro Labs ANDA Product prior to the

expiration of the Asserted Patents will infringe, will actively induce infringement, and/or will contribute to infringement of one or more claims of the Asserted Patents pursuant to 35 U.S.C. § 271(a), (b), and/or (c);

(c) A declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Micro Labs' commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Micro Labs ANDA Product prior to the expiration of the '573 Patent will directly infringe, actively induce infringement of, and/or contribute to infringement of one or more claims of the '573 Patent;

(d) An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Micro Labs ANDA allowing Micro Labs to make, use, offer for sale, sell, market, distribute, or import the Micro Labs ANDA Product, or any product the use of which infringes the Asserted Patents, be not earlier than the expiration date of the last to expire of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(e) A permanent injunction pursuant to 35 U.S.C. §§ 271(e)(4)(B) and/or 283 enjoining Micro Labs, its affiliates and subsidiaries, each of its officers, agents, servants and employees, and any person acting in concert with Micro Labs, from making, using, selling, offering to sell, marketing, distributing, or importing the Micro Labs ANDA Product, or any product the use of which infringes the Asserted Patents, or the inducement of or contribution to any of the foregoing, prior to the expiration date of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(f) An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Micro Labs engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the Micro Labs ANDA Product, or any product that infringes the Asserted Patents, or induces or contributes to such conduct prior to expiration of the Asserted Patents including any additional

exclusivity period applicable to those patents;

(g) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(h) An award of Plaintiffs' costs and expenses in this action; and

(i) Such further and other relief as this Court may deem just and proper.

Date: October 22, 2026

FBT GIBBONS LLP

/s/ *Charles H. Chevalier*

Charles H. Chevalier
Michael V. Caracappa
Christian Villatoro
One Gateway Center
Newark, New Jersey 07102-5310
Phone: (973) 596-4701
Fax: (973) 639-6294
cchevalier@fbtgibbons.com
mcaracappa@fbtgibbons.com
cvillatoro@fbtgibbons.com

*Attorneys for Plaintiffs Harrow, Inc., Harrow Eye, LLC, Harrow IP, LLC and Nicox Ophthalmics, Inc.*

OF COUNSEL:

Marc N. Zubick
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
(312) 876-7606

Kelly A. Welsh
Sarah Propst
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

*Attorneys for Plaintiffs Harrow, Inc., Harrow Eye, LLC, Harrow IP, LLC and Nicox Ophthalmics, Inc.*